UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-11147-GAO

ROSIE BURGOS,
Plaintiff,

v.

GCA SERVICES GROUP, INC.,
Defendant.

ORDER
March 12, 2014

O'TOOLE, D.J.

The plaintiff was employed by the defendant company and was terminated after an internal investigation into certain aspects of her job duties. The plaintiff claims the defendant wrongfully terminated her employment. The defendant has moved for summary judgment.

## I.   Background

The following facts are not disputed:

The plaintiff was hired on November 9, 2010 by GCA Services Group as an assistant account manager. As set forth by her employment letter, Burgos was hired as an at-will employee.

The plaintiff's job duties included maintaining records of employee work schedules for the use of the GCA payroll department. This required the plaintiff to properly monitor the schedules and record the hours worked by these employees. Access cards electronically captured entry and exit times of GCA employees at company buildings, which allowed calculation of the amount of time employees were at work.

In February 2012, having found differences between the time information provided by the access cards and the tracking schedules maintained by Burgos, GCA investigated the discrepancies. Concluding that Burgos was not adequately tracking employees' working hours, GCA terminated her employment, citing reasons of insubordination and falsification of records. The plaintiff disputes these reasons, and instead claims her termination was due to the defendant's wish to reduce the workforce despite her objection that doing so would result in adverse consequences. As a result, the plaintiff claims the defendant made her out to be a scapegoat due to labor costs running higher than budgeted.

**II.**     Discussion

    A.     Standard of Summary Judgment

Summary judgment is appropriate where the moving party has shown "that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "In order to overcome a motion for summary judgment, the non-moving party must put forth specific facts to support the conclusion that a triable issue subsists." Vega-Colon v. Wyeth Pharm., 625 F.3d 22, 25 (1st Cir. 2010) (quoting Martinez-Rodriguez v. Guevara, 597 F.3d 414, 419 (1st Cir. 2010)). "On each issue on which the non-moving party has the burden of proof, that party must present definite, competent evidence to rebut the motion." Id. (internal quotation marks omitted). "Neither wishful thinking . . . nor conclusory responses unsupported by evidence will serve to defeat a properly focused Rule 56 motion." Velazquez-Garcia v. Horizon Lines of P.R., Inc., 473 F.3d 11, 15 (1st Cir. 2007) (quoting Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1992)). The record must be "viewed in the light most favorable to the nonmoving party" and "all reasonable inferences drawn in favor of the nonmoving party." Bukuras v. Mueller Grp., LLC, 592 F.3d 255, 261 (1st Cir. 2010).

B.  Public Policy Exception to Termination of At-Will Employment

The parties do not dispute the at-will nature of the employment arrangement between the parties. At-will employment is "terminable by either the employee or employer without notice, for almost any reason or for no reason at all." Jackson v. Action for Boston Community Development, Inc., 525 N.E. 2d 411, 412 (Mass. 1988). But in Massachusetts, there is a recognized exception to the general at-will employment rule "when employment is terminated contrary to a well-defined public policy." Wright v. Shriners Hosp. for Crippled Children, 589 N.E.2d 1241, 1244 (Mass. 1992). Such exceptions include asserting a legally guaranteed right, doing what the law requires, refusing to do that which the law forbids, or cooperating with a law enforcement investigation of the employer. See id.

Even if the plaintiff's employment was terminated for the reasons she claims, those reasons do not fall within the scope of any of the recognized categories of public policy exceptions. There is no factual basis in the record for concluding that the defendant's termination of plaintiff's employment violated any public policy, as distinguished from being an unwise or unfair management decision. No triable issue exists as to whether her termination was wrongful due to a violation of public policy.

C.  Good Faith and Fair Dealing

The plaintiff has also attempted to argue a breach of good faith and fair dealing in support of wrongful termination of her employment. A breach of good faith and fair dealing generally requires a showing that the employer discharged the plaintiff in order to benefit financially at the plaintiff's expense, or that the employer's reason for the discharge was otherwise contrary to public policy. See Siles v. Travenol Laboratories, Inc., 433 N.E.2d 103 (Mass. App. Ct. 1982).

Viewing the record in the light most favorable to the plaintiff and drawing all reasonable inferences in her favor, she has failed to present sufficient evidence of a breach of good faith and fair dealing. There is no indication that her termination was motivated by a desire to avoid payment of an earned bonus or commission, as in other cases. See id. at 106. No longer having to pay the plaintiff's salary after her termination does not fall within the type of financial benefit required to show a breach of good faith and fair dealing. Neither does it violate any public policy. See King v. Driscoll, 638 N.E.2d 488 (Mass. 1994).

### III. Conclusion

For the foregoing reasons, the defendant's Motion for Summary Judgment (dkt. no. 12) is GRANTED. Judgment shall enter for the defendant.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge